## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

BRUCE A. BAZZETT,

      Plaintiff,

v.

                                       Case No.  5:25-cv-115-TKW-MJF

JIMMY ROBERTS,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, brings this section 1983 action against an employee of the City of Blountstown, Jimmy Roberts. Plaintiff asserts that Roberts violated the Eighth Amendment when he instructed Plaintiff to mow grass on a steep slope with a defective mower. Because Plaintiff's complaint fails to state a plausible Eighth-Amendment claim, the District Court should dismiss this civil action.

### BACKGROUND

This civil action stems from an injury that Plaintiff suffered while performing his prison work assignment.

In his original complaint, Plaintiff named two Defendants: the city of Blountstown and one of its employees, Jimmy Roberts, in his official

capacity. Doc. 1. The undersigned conducted the statutorily-required screening of the complaint. Because Plaintiff had failed to state an official-capacity claim, the undersigned advised Plaintiff of the pleading deficiencies and afforded Plaintiff an opportunity to file an amended complaint. Doc. 7.

Plaintiff filed his first amended complaint. Doc. 8.  Plaintiff named only Jimmy Roberts as a Defendant. Plaintiff asserts only an official-capacity, Eighth-Amendment claim against Roberts. *Id.*  at 2. In support of his claim, Plaintiff alleges that on April 2, 2025, Plaintiff was assigned to an off-site prison work assignment that entailed mowing the grass along the roads in Blountstown, Florida. *Id.* ¶¶ 3, 6. Defendant ordered Plaintiff to mow the grass on a hill behind a guardrail. Although Plaintiff twice expressed concern about mowing on the slope.[1] But Defendant responded that it had been done before and ordered Plaintiff to continue working. *Id.* ¶¶ 8–10.

While Plaintiff was mowing, the mower slid down the hill. *Id.* ¶ 11. Plaintiff attempted to stop the mower's descent by applying the parking brake, but the parking brake was broken. *Id.* Plaintiff's foot became stuck

---

[1] Plaintiff does not elaborate what precisely he told Defendant.

between a wheel and the cutting deck of the mower. *Id.* ¶ 13. The mower dragged Plaintiff down the hill. As a result, Plaintiff's leg fractured in three places. *Id.* ¶¶ 14, 22.

Plaintiff asserts that Defendant was deliberately indifferent to Plaintiff's safety by requiring Plaintiff to mow the steep hill with a defective mower. Doc. 8 at 11. Plaintiff requests $75,000 in compensatory damages and $25,000 in punitive damages. *Id.*

### STANDARD

The District Court is required to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

Plaintiff asserts only an official-capacity claim against Defendant.

While an individual-capacity suit "seeks to impose personal liability upon

a government official for actions he takes under color of state law," official

capacity suits "generally represent only another way of pleading an

action against an entity of which an officer is an agent." *Kentucky v.*

*Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City*

*Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)); *Busby v. City of*

*Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Thus, in a section 1983

action "a claim against a defendant in his official capacity is the same as

a claim against his employer." *Christman v. Saint Lucie Cnty. Fla.*, 509

F. App'x 878, 879 (11th Cir. 2013) (citing *McMillian v. Monroe Cnty., Ala.*,

520 U.S. 781, 785 n.2 (1997)). Here, Plaintiff alleges that Defendant is an

employee of the city of Blountstown, Florida. Thus, Plaintiff's claim

against Defendant in his official capacity essentially is a claim against

the city of Blountstown.

"Prison work environments which compel inmates to perform physical labor which is beyond their strength, endangers their lives, or causes undue pain constitute cruel and unusual punishment." *Howard v. King*, 707 F.3d 215, 220 (5th Cir. 1983). To state a claim for deliberate indifference to a substantial risk of serious harm, a plaintiff must allege (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) causation. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11 Cir. 1995). A governmental entity, however, "is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation . . . ; thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166 (citations omitted). In other words, to establish liability against a state actor in his official capacity, a plaintiff must allege that: (1) the plaintiff's constitutional right was violated; (2) there was a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation of the plaintiff's right. *Monell*, 436 U.S. at 694–95; *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

A policy is "a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). A plaintiff also may allege that that a constitutional violation was caused by a custom, which is a "practice that is so settled and permanent that it takes on the force of law" or is a "persistent and wide-spread practice." *Id.* "A single incident would not be so pervasive as to be a custom or practice." *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1330 n.6 (11th Cir. 2003).

Plaintiff fails to state a plausible claim because he fails to allege that a custom or policy caused the Constitutional violation. Plaintiff fails to allege any fact that would support an inference that the city of Blountstown officially adopted a policy of requiring prisoners to perform physical labor that endangers their lives or causes undue pain. Similarly, Plaintiff fails to allege that Blountstown had a longstanding and widespread practice of requiring prisoners to perform physical labor that endangers their lives or causes undue pain. Rather, Plaintiff alleges that on *one occasion*, he suffered an injury because his supervisor failed to perceive a risk. This is insufficient to state an Eighth-Amendment claim.

CONCLUSION

Because Plaintiff fails to state a plausible claim for relief despite the undersigned affording Plaintiff an opportunity to amend his complaint, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** pursuant to 28 U.S.C. §§ 1915A and 1915 this civil action.

2.    **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida on February 18, 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. A party who fails to object to the magistrate judge's findings or recommendations contained in an R&R waives the right to challenge on appeal the District Court's order based on unobjected-to conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**